## Case No. 6,017.

### In re HANDELL.

[15 N. B. R. 71.] [1]

District Court, W. D. Texas. July 1, 1876.

BANKRUPTCY — SERVICES OF ATTORNEY—PRIORITY OF CLAIM FOR.

1. The claim of an attorney for services rendered in defending a suit prior to the commencement of the proceedings in bankruptcy is not entitled to priority.

2. The claim of an attorney for services rendered in preparing the petition and schedules and filing the same is not entitled to priority.

[In bankruptcy. In the matter of Richard Handell.]

------

[1] [Reprinted by permission.]

By S. T. NEWTON, Register:

I, the undersigned, register of said district. pursuant to the special order of reference made herein of the claim of Messrs. Good & Coombes, attorneys, for compensation, would respectfully report: That, from a careful examination of the petition exhibited, and deposition for proof of debt filed by said parties, it appears that the services for which they claim compensation were rendered at the instance of the bankrupt, in part, in defense of a suit pending in the state court at Dallas, in said district, prior to the commencement of proceedings in bankruptcy, and for preparing, subsequently, the petition and schedules of said bankrupt and filing the same. While I am not prepared to say. in view of the amount involved in the suit which they defended in said court, that the amount charged by said attorneys is unreasonable, I do not think the claim, as is contended for by said attorneys, is embraced in that class of claims provided for by section 5101, Rev. St. [14 Stat. 531], which declares "that in the order for a dividend the following claims shall be entitled to priority. First. the fees, costs and expenses of suits, and of their several proceedings in bankruptcy, under this title, and for the custody of property as herein provided." This subdivision of said section has been construed to include only the costs due the register, clerk, marshal, and assignee; and not any expenses incurred by the bankrupt, or for services rendered by attorneys for the bankrupt in preparing the petition and schedules of the bankrupt. "An attorney is a general creditor in respect to services rendered in the preparation of the petition, schedules, and consultation therefor, and must prove his debt in the usual form and take his dividend in concurrence with the other creditors of the bankrupt." In re Jaycox [Case No. 7,239]. See, also, rule 30, General Orders in Bankruptcy. This case and rule seem to be decisive of the question presented by this claim, and that the parties are entitled to receive but a pro rata dividend with the other creditors of the estate in bankruptcy.

DUVAL, District Judge. The above report of Mr. Register Newton and all the papers connected with the claim of Messrs. Good & Coombes, attorneys, etc., against the estate of Richard Handell, bankrupt, having been considered by me. I concur in the opinion of the register, that under the law the said claim cannot be regarded as having priority over the creditors, and while it is just and meritorious, it can only be paid pro rata with others.

The opinion of the register is affirmed and approved.